UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA,

          v.

LESLY VALENTIN, JARRETT
BRUCE, AASIM BOONE,
and GREGORY BRUCE,

          Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CR-292 (RPK)

RACHEL P. KOVNER, United States District Judge:

    Defendant Gregory Bruce moved to sever his trial from that of his codefendants under Federal Rules of Criminal Procedure 8(b) and 14. *See* Gregory Bruce Mot. to Sever (Dkt. #98). The Court granted severance based upon improper joinder under Rule 8 without reaching Gregory Bruce's arguments that Rule 14 also required severance. *See* Mem. & Order (Dkt. #118). A grand jury then returned a fourth superseding indictment that cured the defect that formed the basis for severance under Rule 8. *See* Fourth Superseding Indictment (Dkt. #126). With the consent of the parties, the Court construes Gregory Bruce's previously filed motion for severance under Rule 14 as directed against the fourth superseding indictment. *See* Nov. 5, 2024 Min. Entry & Order. The motion for severance under Rule 14 is denied.

## BACKGROUND

    The fourth superseding indictment in this case alleges a kidnapping conspiracy and related offenses, with Gregory Bruce charged only in an obstruction count. In Count One, defendants Lesly Valentin, Aasim Boone, and Jarrett Bruce are charged with kidnapping conspiracy in violation of 18 U.S.C. § 1201(c). Fourth Superseding Indictment ¶¶ 1–2. Specifically, the count charges that in or about December 2022, Valentin, Boone, and Jarrett Bruce conspired to kidnap

1

an individual referred to as "John Doe #1." *Ibid.* Count Two charges Valentin with transmission of interstate communications with intent to extort, in violation of 18 U.S.C. § 875(b). *Id.* ¶ 3. Specifically, Valentin is charged with transmitting messages threatening to kidnap and injure John Doe #1 and one or more of John Doe #1's friends and family members. *Ibid.*

Count Three—the only one that names Gregory Bruce—charges that in or about January 2024 and February 2024, Jarrett Bruce and Gregory Bruce engaged in witness tampering and obstruction of justice in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(c)(2). *Id.* ¶ 4. The count charges Jarrett and Gregory Bruce with trying to prevent an individual referred to in the indictment as "John Doe #2" from testifying in relation to the grand jury investigation into the kidnapping charged in Counts One and Two and the resulting federal criminal proceeding. *Ibid.*

Finally, Count Four charges Boone with attempted obstruction of justice in violation of 18 U.S.C. §§ 1512(b)(2)(B) and 1512(c)(2). *Id.* ¶ 5. Specifically, Boone is charged with attempting to persuade an individual referred to as "Jane Doe" to destroy an Apple iCloud account to prevent its use in the grand jury investigation into the kidnapping charged in Counts One and Two and the resulting federal criminal proceeding. *Ibid.*

In seeking severance under Rule 14, Gregory Bruce argues that he would be unfairly prejudiced if he were tried together with his codefendants because "evidence regarding the alleged kidnapping creates an unjustifiable risk of spillover prejudice"—specifically from the prospect that the jury will hear "extensive testimony and evidence regarding the brutality of the alleged kidnapping, and the horrific injuries suffered by the alleged victim." Gregory Bruce Mot. to Sever 3 (capitalization altered). He also argues that a joint trial of all defendants would not significantly improve judicial economy "because each alleged crime will involve different proof and witnesses,

and the evidence against the Co-Defendants is much more extensive than that against Gregory." *Id.* at 6–7. Finally, at the most recent pretrial conference in this case, he contended that he will be prejudiced by delay if the charges against him are not severed from those of his codefendants. The trial date in this case was adjourned from January 27, 2025 to June 16, 2025 at the request of Gregory Bruce's codefendants at that conference for trial preparation. *See* Nov. 5, 2024 Min. Entry & Order. Gregory Bruce argues that this continuance provides an additional justification for severance because he is ready to go to trial immediately.

## DISCUSSION

Gregory Bruce's motion to sever under Rule 14 is denied because he has not shown the serious risk of compromising a specific trial right that is needed to overcome the presumption in favor of a joint trial.

### I. Legal Standard

Federal Rule of Criminal Procedure 14 provides that, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "For reasons of economy, convenience and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trials." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In other words, "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice," *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (quotation marks and citation omitted), that is "sufficiently severe to outweigh the judicial economy that would be realized by

3

avoiding multiple lengthy trials," *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted). Even where a defendant shows a risk of prejudice, "less drastic measures, such as limiting instructions," are preferred. *Zafiro*, 506 U.S. at 539. Ultimately, "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Id.* at 541.

## II. Analysis

Gregory Bruce has not demonstrated that joinder will result in substantial prejudice that outweighs the judicial economy considerations favoring a joint trial. *See Page*, 657 F.3d at 129.

First, Gregory Bruce's arguments relating to the risk of prejudicial spillover do not warrant severance. At the outset, it appears likely that the evidence admissible against Gregory Bruce's codefendants on the kidnapping charge and the evidence admissible against Gregory Bruce on the witness tampering charge will substantially overlap. *See United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993) ("Evidence at the joint trial . . . [that] would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial."). Evidence that Gregory Bruce's brother, Jarrett Bruce, participated in the kidnapping is likely to be highly relevant to establishing Gregory Bruce's motive, knowledge, and intent in the actions alleged to constitute witness tampering. *Cf. United States v. Butler*, No. 04-CR-340 (GEL), 2004 WL 2274751, at *5–6 (S.D.N.Y. Oct. 7, 2004) (upholding joinder under Rule 8(b) where evidence relating to underlying shooting was likely admissible to prove motive and lack of mistake on an obstruction charge).

To be sure, some evidence about violence inflicted on the kidnapping victim might be admitted at a trial on the kidnapping charges but excluded at a trial focused solely on witness tampering. But Gregory Bruce has not shown that the presentation of that evidence at a joint trial would cause the substantial prejudice needed to justify severance. Gregory Bruce is charged with conceptually distinct wrongdoing occurring more than a year after the alleged violence—

4

minimizing the risk that jurors would confuse the evidence against the kidnapping defendants with the evidence against Gregory Bruce. *See United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996) ("The crimes for which [codefendants] were alone charged were adequately distinct from the crimes of which [the defendant seeking severance] was accused so that the evidence relating to each could be presented without any confusion or spillover effect."). Moreover, the Court will instruct jurors that the evidence against each defendant must be considered individually. Courts routinely use such instructions to ensure that evidence of one defendant's misdeeds is not improperly considered to the detriment of another. *See, e.g.*, *United States v. Spinelli*, 352 F.3d 48, 55–56 (2d Cir. 2003) (in a case where district court "instructed the jury to consider the defendants individually," rejecting defendant's argument that he had been entitled to severance from brother because joint trial meant that jurors heard "otherwise inadmissible evidence about his brother's crimes"); *United States v. Herredia*, 153 F. App'x 50, 55 (2d Cir. 2005) (emphasizing instruction "to consider the evidence against each defendant separately" in rejecting argument that defendant was entitled to severance because of spillover prejudice from jurors seeing video of codefendant "selling drugs to a woman with children"); *United States v. DeVillio*, 983 F.2d 1185, 1192–93 (2d Cir. 1993) (rejecting challenge to denial of severance motion based on spillover prejudice from jurors' hearing evidence of codefendants' committing attempted murder, when court gave limiting instruction). Gregory Bruce has not shown that such instructions would be insufficient here.

Nor is this a case in which the length or complexity of a joint trial poses a risk to Gregory Bruce's trial rights. The Second Circuit has directed district courts to conduct searching inquiries regarding severance when the government anticipates a "mega-trial[]" lasting more than four months, especially if the case involves more than ten defendants. *United States v. Casamento*, 887

5

F.2d 1141, 1151–53 (2d Cir. 1989). And some district courts have exercised their discretion to sever based in part on complexity in cases that do not reach that mark, especially when codefendants are charged with numerous violent offenses. *See, e.g.*, *United States v. Burke*, 789 F.Supp.2d 395, 399–400 (E.D.N.Y. 2011) (granting severance to individual defendants charged only with witness tampering or obstruction when codefendants were charged with "alleged RICO conspiracy spanning three decades" that included three murders, drug trafficking, robberies, and assaults). But this case is limited to four straightforward charges: two charges related to a conspiracy to kidnap and extort a victim, and two charges related to various defendants' after-the-fact attempts to interfere with the subsequent federal investigation. Fourth Superseding Indictment ¶¶ 1–5. The prospect of spillover prejudice is smaller in such a streamlined case than in cases where codefendants are charged with sprawling, multi-year conspiracies consisting of a variety of violent crimes.

Contrary to Gregory Bruce's claims, separate trials would not promote judicial economy. As discussed above, the evidence in the two cases would overlap, and holding separate trials would impose burdens on the Court, citizens serving as jurors, and witnesses—some of whom, already having expressed fear about testifying at one trial, would be required to testify twice. *See* Gov't Resp. 3–4 (Dkt. #104); *United States v. Lyles*, 593 F.2d 182, 191 (2d Cir. 1979) (listing these factors). The burdens of a marginally longer trial on Gregory Bruce are thus significantly outweighed by these corresponding burdens from holding separate trials.

Finally, Gregory Bruce is not entitled to severance because he is ready to go to trial immediately, while his defendants have secured a five-month delay in the trial date. Gregory Bruce's preference for an earlier trial date does not support severance under Rule 14, because he has not shown that a later trial date will cause him the substantial prejudice necessary to justify

6

severance under that rule. Nor is the delay occasioned by joinder impermissible under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et. seq.* When one defendant moves for severance and that motion is denied, any delay caused by the non-moving defendants must be reasonable in order to be excluded from Speedy Trial Act calculations as to the moving defendant. *United States v. Cephas*, 937 F.2d 816, 822 (2d Cir. 1991). This is a totality-of-the-circumstances inquiry. *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995). Any delay in Gregory Bruce's trial on account of his codefendants easily passes muster as reasonable. The delay serves an important purpose: Gregory Bruce's codefendants requested and received a six-month adjournment of the January 2025 trial date because counsel—several of whom are relatively new to the case—need additional time to develop their defenses, including to prepare a rebuttal expert regarding the cell-site location evidence that is anticipated to play an important role at trial. *See* Nov. 4, 2024 Hr'g Tr. 4–10. Moreover, because the Court would be unable to set trial before January 2025 due to conflicting commitments, severing Gregory Bruce at this point would hasten his trial by, at most, five months. Given the preference for joint trials, and the fact that Gregory Bruce is not incarcerated, it is reasonable to delay Gregory Bruce's trial for approximately five months to accommodate the legitimate trial preparation needs of his codefendants. *See, e.g.*, *United States v. Guzman*, No. 11-CR-1015 (LTS), 2013 WL 3305308, at *2 (S.D.N.Y. July 1, 2013) (finding a delay of "a few months" reasonable in order to accommodate a joint trial); *United States v. Lockwood*, No. 11-CR-85, 2012 WL 6204194, at *3 (W.D.N.Y. Dec. 12, 2012) (finding approximately ten-month delay for an incarcerated defendant reasonable "in order to ensure continuity of counsel and proceed with a joint trial"); *United States v. Payden*, 620 F. Supp. 1426, 1431 (S.D.N.Y. 1985) (finding seven-month delay attributable to codefendant reasonable); *see also United States v. Tobin*, 840

7

F.2d 867, 869–70 (11th Cir. 1988) (finding eight-month delay in an ultimately "unsuccessful attempt to achieve a joint trial" reasonable).

## CONCLUSION

For the foregoing reasons, Gregory Bruce's motion to sever as applied against the fourth superseding indictment is denied.

SO ORDERED.

        /s/ Rachel Kovner
       RACHEL P. KOVNER
       United States District Judge

Dated: November 15, 2024
       Brooklyn, New York